UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF:           )        Case No: B-1082327 C-13D
**MICHAEL W. BUTLER,**      )
                            )
         Debtor(s)          )
_____)

OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtor's plan pursuant to 11 U.S.C. §1325 and shows unto the Court the following:

1. The Debtor filed a petition under Title 11 of the United States Code, Chapter 13, on December 30, 2010, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On December 30, 2010, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The Debtor has proposed a monthly plan payment of $305.00 for a period of 60 months. The Debtor's plan does not provide for a return to general unsecured creditors. The Debtor has listed unsecured debt of approximately $105,974.00 in Schedule "F" consisting primarily of consumer credit card debt.

5. In Schedule "J", the Debtor shows rental payments of approximately $700.00 per month for his housing. Additionally, the Debtor is apparently paying $1,137.00 per month in mortgage payments on his estranged spouse's home.

6. The Trustee objects to confirmation of the Debtor's plan in that the plan has not been proposed in good faith pursuant to 11 U.S.C. §1325(a)(3). The Debtor has over $100,000 of unsecured debt that he is seeking to discharge through this Chapter 13 case without payment, while he is paying for housing for both himself and his estranged spouse. No evidence has been presented to the Trustee that the Debtor is required by a court order or separation agreement to make the mortgage payments for his estranged spouse, nor has evidence been provided that the

1

mortgage payments are in lieu of alimony or child support obligations owed to his estranged spouse.

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtor's plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §1325(a)(3), and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2. For such other and further relief as the Court may deem just or proper.

This the 14th day of March, 2011.

s/Benjamin E. Lovell
Benjamin E. Lovell
Attorney for the Trustee
State Bar No: 23266
P.O. Box 3613
Durham, N.C. 27702
Telephone: (919) 688-8065

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, Mitchell W. Butler, 1705 Collier Dr., Durham, NC 27707, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

This 14th day of March, 2011.

s/Benjamin E. Lovell
Benjamin E. Lovell, Esq.
Attorney for the Standing Trustee